Taxes; income tax; deductions; depreciation; retirement-replacement-betterment accounting; replacement. — Plaintiff seeks refund of federal income taxes paid in satisfaction of a tax deficiency for the tax year 1968 resulting from the Internal Revenue Service’s disallowance of deductions with respect to concrete railroad crossties installed on existing track in place of timber ties. Plaintiff reported the cost of the concrete ties as a betterment under the retirement-replacement-betterment (rrb) method of depreciation accounting on its federal income tax returns for the years in issue. On July 30, 1982, Trial Judge Roald A. Hogenson filed a recommended decision (reported in full at 50 AFTR 2d 82-5395 and 82-2 USTC ¶ 9511) concluding that the cost of installing the concrete ties should be treated as a replacement rather than a betterment under the rrb method of accounting and therefore currently expensed. The trial judge found that the concrete crossties did not constitute a betterment since they were not functionally better than the wooden ties they replaced. Furthermore, plaintiff is not bound by its original determination on the *1041 original returns for the tax years in issue to treat the ties as a betterment since plaintiffs adherence to betterment accounting during the years in issue simply did not accord with the "conditions known to exist” during those years, i.e., that the concrete ties did not constitute a betterment. On September 30, 1982, the court, by order, adopted the recommended decision of the trial judge as the basis for its judgment in this case and concluded that plaintiff is entitled to recover on the concrete tie issue with judgment entered accordingly on that issue with the case remanded to determine the amount of recovery and for disposition of all other remaining issues in the case. By order dated December 16,1982 judgment for plaintiff was entered, pursuant to stipulation, for $551,975.77 with interest.